UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
FARRAH GILOT,                                 :
                                              :
                        Plaintiff,            :          **MEMORANDUM AND ORDER**
                                              :          21-CV-4346 (WFK)
            v.                                :
                                              :
GOVERNMENT; LAUREN LOPRESTI;                  :
BOBBI BRADAO; LINDA LOPRESTI,                 :
                                              :
                        Defendants.           :
-----------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge.**

Plaintiff Farrah Gilot filed this *pro se* action on July 29, 2021 and brings claims pursuant

to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of*

*Narcotics,* 403 U.S. 388 (1971).  Plaintiff's request to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915 is granted.  For the reasons discussed below, the complaint is dismissed as

frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B).

**Background**

The relationship between Plaintiff and the individual Defendants is unclear.  As best as

can be ascertained, Plaintiff asserts that the Lopresti family have stalked her and attempted to

kidnap her.  Compl., ECF No. 1 at 8.  Plaintiff asserts that because Lopresti "is white the

disease pig got immunity."  *Id.*  Plaintiff further asserts that the United States government has

violated her right to privacy by providing Plaintiff's personal information to Lauren Lopresti.  *Id.*

There is no indication of what relief Plaintiff seeks from this Court.

**Standard of Review**

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings

drafted by attorneys and the Court is required to read the Plaintiff's *pro se* complaint liberally

and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

In addition, Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Essentially, Rule 8 ensures that a complaint provides a defendant with sufficient notice of the claims against it. *See* Fed. R. Civ. P. 8; *Iqbal*, 556 U.S. at 678. A complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised," fails to comply with Rule 8. *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *see Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995). "When a complaint fails to comply with these requirements [contained in Rule 8], the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial." *Simmons*, 49 F.3d at 86 (citing *Salahuddin*, 861 F.2d at 42).

Moreover, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage*

2

*Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## Discussion

Plaintiff's claims of attempted kidnapping by the individual Defendants and the violation of her privacy rights by the United States government are completely unsubstantiated and appear to be entirely fanciful and frivolous. "An action is frivolous if it lacks an arguable basis in law or fact—*i.e.*, where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" *Scanlon v. Vermont*, 423 Fed. Appx. 78, 79 (2d Cir. 2011) (summary order) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (alteration in original)); *see also Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."); *Pacheco v. N.S.A.,* No. 20-CV-5702, 2021 WL 25373, at *2 (E.D.N.Y. 2021). The Court, after reviewing Plaintiff's complaint, finds that it lacks any arguable basis in law or in fact. *See Neitzke*, 490 U.S. at 325.

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has inherent power to dismiss without leave to amend or replead in "where . . . the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011). Because the Court concludes that granting leave to amend would be futile, the Court declines to do so.

**Conclusion**

The complaint filed, *in forma pauperis*, is dismissed as frivolous. *See* 28 U.S.C. §

1915(e)(2)(B).  The Clerk of Court is directed to enter judgment and mark this action closed. The

Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any *in forma pauperis* appeal from this

order would not be taken in good faith.  *Coppedge v. United States,* 369 U.S. 438, 444–45

(1962).

**SO ORDERED.**

s/WFK

_____

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: August 27, 2021
        Brooklyn, New York